FERNÁNDEZ, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de San Juan, Sección Primera, denegando la inscripción de nota marginal de pago.

No. 378.—Resuelto en mayo 31, 1919.

NOTA MARGINAL DE PAGO DE PRECIO APLAZADO—ARTÍCULO 82 DE LA LEY HIPOTE-CARIA.—No procede la negativa de un registrador a extender al margen de la inscripción de una escritura de venta la nota marginal de pago de tres pagarés que habían sido expedidos por concepto de precio aplazado, por el fundamento de no resultar de la escritura que le fué presentada que tales pagarés hubieran sido inutilizados por analogía con lo dispuesto en el artículo 82 de la Ley Hipotecaria, pues tal precepto se refiere únicamente a la cancelación de hipotecas constituídas en garantía de obligaciones trans-misibles por endoso. El citado precepto legal no es de aplicación al pre-sente caso en que no existe inscripción de hipoteca ni se pretende la cancela-ción de inscripción alguna, ni consta que los pagarés sean endosables.

PERSONAS CON DERECHO A SOLICITAR ASIENTOS EN EL REGISTRO.—Cuando no re-sulta del documento presentado, en el cual se solicita del registrador que se consigne por medio de nota marginal el pago de precio de venta aplazado, que la sucesión de uno de los interesados en la inscripción está constituída solamente por la viuda otorgante, no comete error el registrador al negarse a extender el asiento marginal.

Los hechos están expresados en la opinión.

El recurrente compareció en su propio nombre, por escrito.

El registrador recurrido, Sr. Rafael Tirado Verrier, compareció por escrito.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La sociedad mercantil A. Gaos & Co. estaba constituída por los socios Alejandro Gaos y Manuel Padial. Ocurrida la muerte del primero, su viuda Margarita Padial acudió a la Corte de Distrito de San Juan alegando haber quedado en cinta y por esa razón en 24 de octubre de 1907 fué nombrada administradora de los bienes dejados por su esposo hasta que ocurriera el parto o pasara el tiempo máximo de gestación; y también por otra resolución de igual fecha fué autorizada para que con el carácter de administradora de los bienes de su finado esposo Alejandro Gaos disolviera la sociedad A. Gaos & Co., declarándola en estado de liquidación y para que designase de acuerdo con el otro socio un liquidador de dicha sociedad con facultades bastantes para que realizara todo el activo de la misma y en tal virtud para que vendiera y enajenase los bienes tanto muebles como inmuebles, constituyera hipotecas y las cancelase y para que extinguiera su pasivo.

El liquidador fué nombrado y en 29 de octubre de 1907 vendió a la mercantil "Padial & Villar" cierta finca de la sociedad en liquidación por el precio de $22,059, de los cuales el comprador retuvo $8,800 para pagar una hipoteca que pesaba sobre ella y por los restantes $13,259 entregó tres pagarés vencederos cada seis meses.

Años después, en 21 de junio de 1918, Manuel Padial y la viuda de Alejandro Gaos otorgaron la escritura que motiva este recurso en la que después de hacer referencia a los hechos anteriores y de consignar además que la mercantil A. Gaos & Co. fué liquidada definitivamente por el liquidador expresado y que por consiguiente fueron pagados por la sociedad "Padial & Villar" los tres referidos pagarés, pero que había muerto dicho liquidador sin haber otorgado en documento fehaciente el recibo del importe de los pagarés de manera que pudiera hacerse constar el pago en el registro de la propiedad, con este fin ambos comparecientes, como

únicos interesados en el cobro de los pagarés, hacían constar tales hechos y querían y consentían en que así se hiciera constar en el registro de la propiedad al margen de la inscripción de la escritura de venta antes expresada.

El registrador se negó a consignar la nota marginal de pago fundándose en que no resulta que fueron inutilizados los tres pagarés, por analogía con lo dispuesto en el artículo 82 de la Ley Hipotecaria; y la negó también en cuanto a la parte del socio Alejandro Gaos por no resultar que Manuel Padial y Margarita Padial sean los únicos interesados en el cobro de los pagarés, sino aquél y la sucesión de Alejandro Gaos, que no se acredita esté constituída solamente por su viuda.

Contra esa negativa interpuso este recurso gubernativo Felipe Fernández como liquidador de F. Fernández & Co., S. en C., alegando que dicha sociedad en liquidación es actualmente dueña de dicha finca según escritura inscrita en el registro de la propiedad, hecho éste aceptado por el registrador recurrido en el alegato que nos ha presentado en apoyo de su negativa.

El precepto de la Ley Hipotecaria que por analogía aplica a este caso el registrador recurrido y en el que funda el primer motivo de su negativa para hacer constar el pago de los pagarés entregados como precio de la compra dice así en su párrafo 4°.:

"Artículo 82.— 　＊　＊　＊

"Las inscripciones hechas para responder de cantidades representadas por títulos transmisibles por endoso, se cancelarán presentándose la escritura otorgada por los que hayan cobrado los créditos, en la cual debe constar haberse inutilizado en el acto de su otorgamiento los títulos endosables, o solicitud firmada por dichos interesados y por el deudor, a la cual se acompañen, taladrados, los referidos títulos 　＊　＊　＊　."

Este precepto se refiere a la cancelación de inscripciones de hipotecas constituídas en garantía de obligaciones transmisibles por endoso, pero como en este caso no existe ins-

cripción de hipoteca ni se pretende, por tanto, la cancelación de inscripción alguna, ni consta que los pagarés fueran endosables, entendemos que no puede aplicarse por analogía al caso presente por el solo hecho de haber sido entregados varios pagarés como pago del precio de la compra, y que de acuerdo con el artículo 16 de la misma ley puede hacerse constar por nota marginal el pago de esas obligaciones con la escritura que se presentó en el registro.

En cuanto al otro fundamento de la nota recurrida por el que se niega la extensión de la nota marginal de pago en cuanto a la parte del socio Alejandro Gaos por no resultar que su sucesión esté constituída solamente por su viuda Margarita Padial, entendemos que es sostenible pues no aparece de los documentos presentados al registrador que ella sea la sola interesada en la sucesión de su esposo y, por tanto, que tenga su representación, pues si bien en 24 de octubre de 1907 fué nombrada administradora de los bienes de su finado consorte por haber quedado en cinta cuando su esposo falleció, y con tal carácter autorizada para nombrar liquidador de la sociedad de que formaba parte Gaos, tal nombramiento fué temporal, hasta que ocurriera el parto o pasara el tiempo máximo de gestación; y como la condición de dicho nombramiento había terminado cuando en el año 1918 se otorgó la escritura que motiva este recurso, es claro que en esta fecha no tenía Margarita Padial la representación de la sucesión de su esposo ni ha demostrado al registrador por otros documentos, que sea la única interesada en dicha sucesión para que como tal pudiera reconocer válidamente el pago hecho por "Padial y Villar" al liquidador de la sociedad "A. Gaos & Co." de la cual su marido fué uno de los socios.

El caso No. 357 de Fernández contra el Registrador de San Juan, Sección Primera, 26 D. P. R. 346, citado por el recurrente en apoyo de su recurso en este extremo no es aplicable en el presente caso, pues, según él, Carlos Conde era el único interesado en la sociedad liquidadora Villar & Co. en cuyo nombre hizo el reconocimiento de pago. El otro caso

citado No. 356 también de Fernández contra el Registrador de San Juan, Sección Primera, 26 D. P. R. 396, no tiene relación alguna con el presente.

La nota recurrida debe ser confirmada por el segundo de sus fundamentos.

> *Revocada la nota del registrador de julio 10, 1918, en cuanto al primero de sus fundamentos y confirmada en cuanto al segundo.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.